### THOMAS v. MATTHIESSEN.

(Circuit Court, S. D. New York. March 12, 1909.)

CORPORATIONS (§ 263*)—STOCKHOLDERS—LIABILITY FOR CORPORATE DEBTS—SUITS TO ENFORCE IN OTHER JURISDICTIONS.

Defendant, a citizen and resident of New York, was a stockholder in an Arizona corporation which contracted an indebtedness to complainant while doing business in California. Const. Cal. art. 12, §§ 3, 15, and Civ. Code Cal. § 322, provide that each stockholder of a corporation shall be personally liable, in the same proportion that his stock bears to the entire stock, for all debts of the corporation contracted while he is a stockholder, and that no foreign corporation shall be allowed to transact business in the state on more favorable conditions than are prescribed for domestic corporations. Held, that there was no contractual relation between defendant and complainant which would support a suit in New York to enforce the personal liability imposed on stockholders by the Constitution and statutes of California.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 831, 1065; Dec. Dig. § 263.*

Stockholder's liability to creditors in equity, see notes to Rickerson Roller-Mill Co. v. Farrell Foundry & Machine Co., 23 C. C. A. 315; Scott v. Latimer, 33 C. C. A. 23.]

In Equity. On demurrer to answer.

Rollins & Rollins, for plaintiff.
Steele, Otis & Hall, for defendant.

MARTIN, District Judge. This action is brought to enforce the individual liability of the defendant as a stockholder in the Wentworth Hotel Company, a corporation organized under the laws of the territory of Arizona, which corporation constructed a hotel in the state of California and incurred an indebtedness which is now due from the corporation to the plaintiff.

Sections 3 and 15, art. 12, of the Constitution of the state of California read as follows:

"Sec. 3. Each stockholder of a corporation, or joint-stock association, shall be individually and personally liable for such proportion of all its debts and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rev'r Indexes

liabilities contracted or incurred, 'during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation or association."

"Sec. 15. No corporation organized outside the limits of this state shall be allowed to transact business within this state on more favorable conditions than are prescribed by law to similar corporations organized under the laws of this state."

Section 322 of the Civil Code of California makes definite provisions for the enforcement of the two sections above quoted.

The complainant alleges that the indebtedness of said corporation to him was incurred in and about the construction of said hotel, which indebtedness, though demanded, the corporation has not paid, and that by virtue of said provisions of the Constitution and Code of California the defendant is liable in proportion to his stock. The defendant, in his answer, denies all liability by virtue of the Constitution and Code of California, and avers that, the corporation being incorporated under the laws of the territory of Arizona, a stockholder who has made full payment for his stock cannot be assessed or made liable for any indebtedness of the corporation simply by virtue of being a stockholder, under said Constitution and Code of California, and that he was at the time of the organization of the corporation, and ever since has been, a citizen of the state of New York. He also avers that it is provided in the charter of said corporation that there shall be no personal liability of stockholders for the indebtedness of the corporation, that the defendant had no knowledge of said provisions of said Constitution and Code of California, and that his stock was fully paid up, and therefore contends that there is no contractual relation between him, as a stockholder, and this plaintiff, as a creditor, of the corporation, whereby the aid of this court can be invoked to enforce upon him, as such stockholder, any part of the indebtedness incurred by said corporation. To this answer the plaintiff demurs.

While a corporation is an intangible thing,—"it hath no soul, it speaketh not, it doeth not," except through the officers who manage it—yet in the eyes of the law it is a person. The shareholder and the corporation are different entities. The corporation transacts the business, and in most cases it is done without the knowledge of the stockholder, and may be done against his protest. This defendant is a resident of New York. The California Constitution and Code cannot reach him without the jurisdiction of California, unless a contractual relation exists between the parties. To my mind, the only theory under which this defendant can be held liable is by construing the acts of the corporation, in doing business in the state of California, as set up in the answer, as an affirmative act on his part whereby he voluntarily became a contracting party, as no state can exercise direct jurisdiction and authority over persons or property without its territory. The jurisdiction of sister states may be invoked to enforce the performance of a contract.

As I read the facts set forth in this answer, no contractual relation between these parties can fairly be implied. The case was ably argued by counsel, and they fully appreciate its importance. They have indicated to this court that they desire that the questions involved in

the pleadings may be speedily and squarely raised and heard in the appellate court. That can be best accomplished by sustaining the demurrer.

It is therefore ordered pro forma that the demurrer be sustained.